UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANGEL RODRIGUEZ,

                            Plaintiff,

                                                          9:16-CV-0706
v.                                                        (GTS/ATB)

LAURA HEIT, Registered Nurse; and
CLINTON COUNTY JAIL,

                            Defendants.
_____

APPEARANCES:                                              OF COUNSEL:

ANGEL RODRIGUEZ, 24314052
  Plaintiff, *Pro Se*
Metropolitan Detention Center – Brooklyn
Inmate Mail/Parcels
P.O. Box 329002
Brooklyn, New York 11232

LEMIRE, JOHNSON & HIGGINS, LLC          GREGG T. JOHNSON, ESQ.
  Counsel for Defendants                APRIL J. LAWS, ESQ.
P.O. Box 2485
2534 Route 9
Malta, New York 12020

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

Currently before the Court, in this *pro se* prisoner civil rights action filed by Angel

Rodriguez ("Plaintiff") against Clinton County Jail and one of its employees ("Defendants"), are

(1) Defendants' motion for summary judgment seeking dismissal of the Complaint due to

Plaintiff's failure to exhaust his available administrative remedies before filing suit pursuant to

the Prison Litigation Reform Act ("PLRA"), and (2) United States Magistrate Judge Andrew T.

Baxter's Report-Recommendation recommending that Defendants' motion for summary

judgment be granted, that Plaintiff's Complaint be dismissed, and that (to the extent that Plaintiff's response to Defendants' motion for summary judgment can be construed a cross-motion for summary judgment) Plaintiff's cross-motion for summary judgment be denied. (Dkt. Nos. 74, 83, 90.) None of the parties have filed Objections to the Report-Recommendation and the deadline in which to do so has expired. (*See generally* Docket Sheet.)

After carefully reviewing the relevant papers herein, including Magistrate Judge Baxter's thorough Report-Recommendation, the Court can find no clear error[1] in the Report-Recommendation: Magistrate Judge Baxter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (Dkt. No. 90.) As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein. (*Id.*) To those reasons, the Court adds only four points.

First, while a cursory review of the docket sheet suggests that Plaintiff's notice of change of address (from Rensselaer County Jail to Metropolitan Detention Center) was not received and processed until April 5, 2018 (six days after the issuance of Magistrate Judge Baxter's Report-Recommendation on March 30, 2018), a closer examination of the electronic service receipt for the Report-Recommendation reveals that the Report-Recommendation was indeed mailed to Plaintiff at his new address (at Metropolitan Detention Center on March 30, 2018), because his change of address had been noted March 29, 2018. (Dkt. Nos. 85, 86, 90, 91.)

---

[1]     When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear-error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a clear-error review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

Second, while Plaintiff submitted a document bearing a postage date stamp of April 2, 2018 (and thus deemed "filed" on that date pursuant to the Prison Mailbox Rule), the document was not an Objection to the Report-Recommendation but an attempt to supplement his opposition to Defendants' motion for summary judgment with "Exhibit D." (Dkt. No. 83.) The Court rejects that attempt. The deadline for Plaintiff's opposition to Defendants' motion expired on March 28, 2018, and Plaintiff has not provided good cause for an extension of that deadline (especially a retroactive one). (*Compare* Dkt. No. 77 [extending deadline for opposition by more than six weeks] *with* Dkt. No. 93 [attempting to supplement opposition].) Nor will the Court consider the exhibit in reviewing the Report-Recommendation: a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Finally, the exhibit (which contains World Health Organization guidelines on HIV infection and AIDS in prisons) would not alter the Court's Decision and Order, even if the Court were to consider it. Setting aside the fact that Plaintiff's claim arises under the Eighth Amendment (not international guidelines), Defendants' motion was based on a failure to exhaust administrative remedies, which has nothing to do with World Health Organization guidelines.

---

[2]      *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

Third, in his opposition, Plaintiff fails to submit a Rule 7.1 Response to Defendants' properly supported Rule 7.1 Statement. (*Compare* Dkt. No. 74, Attach. 10 [Defs.' Rule 7.1 Statement] *with* Dkt. No. 83 [Plf.'s Response].) Before submitting his opposition, Plaintiff had repeatedly been specifically advised of the requirement that he file a Rule 7.1 Response, and the consequences of not doing so. (*See, e.g.,* Dkt. No. 74, at 4; Dkt. No. 75, at 2.) As a result, the facts asserted in Defendants' Rule 7.1 Statement may be, and are, deemed admitted by Plaintiff. N.D.N.Y. L.R. 7.1(a)(3).

Fourth, in the Report-Recommendation, Magistrate Judge Baxter notes a contradiction between Plaintiff's deposition testimony of May 24, 2017, and Plaintiff's affidavit testimony of March 6, 2018. (Dkt. No. 90, at 17, n.11.) To the extent that Magistrate Judge Baxter rejected that affidavit testimony, he was correct in doing so. Setting aside the fact that an errata sheet to a deposition transcript (and not a subsequent affidavit) is generally the proper means by which to correct deposition testimony,[3] the point of law exists that a court may resolve an issue of credibility on a motion for summary judgment in the narrow circumstances present here (i.e., a piece of testimony is unsubstantiated by any other direct evidence and contradicts the witness's other testimony).[4]

---

[3]     *See, e.g., Trans-Orient Marine Corp. v. Star Trading & Marine, Inc.*, 925 F.2d 566, 572 (2d Cir. 1991) ("The rule is well-settled in this circuit that a party may not, in order to defeat a summary judgment motion, create a material issue of fact by submitting an affidavit disputing his own prior sworn testimony."); *Hayes v. New York City Dept. of Corr.*, 84 F.3d 614, 619 (2d Cir. 1996) ("[A]n affidavit . . . that, by omission or addition, contradicts the affiant's previous deposition testimony' is insufficient to create a genuine issue of fact."); *Mack v. United States*, 814 F.2d 120, 124 (2d Cir. 1987) ("It is well settled in this circuit that a party's affidavit which contradicts his own prior deposition testimony should be disregarded on a motion for summary judgment.") (collecting cases).

[4]     *See Jeffreys v. City of New York*, 426 F.3d 549, 554-55 (2d Cir.2005) ("[I]n the rare circumstances where the plaintiff relies almost exclusively on his own testimony, much of

For all of these reasons, Defendants' motion for summary judgment is granted, Plaintiff's Complaint is dismissed in its entirety, and Plaintiff's cross-motion for summary judgment is denied.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 90) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendant's motion for summary judgment (Dkt. No. 74) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's cross-motion for summary judgment (Dkt. No. 83) is **DENIED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED** in its entirety.

The Court certifies that an appeal from this Decision and Order would not be taken in good faith.

Dated: May 22, 2018
      Syracuse, NY

Hon. Glenn T. Suddaby
Chief U.S. District Judge

---

which is contradictory and incomplete, it will be impossible for a district court to determine whether . . . there are any 'genuine' issues of material fact, without making some assessment of the plaintiff's account. . . . In the circumstances presented in the instant case-where (1) the District Court found nothing in the record to support plaintiff's allegations other than plaintiff's own contradictory and incomplete testimony, and (2) the District Court, even after drawing all inferences in the light most favorable to the plaintiff, determined that no reasonable person could believe Jeffreys' testimony, . . . we hold that the District Court did not err by awarding summary judgment. Because no reasonable person would undertake the suspension of disbelief necessary to give credit to the allegations made in the complaint, . . . conclude that summary judgment was appropriate.") [internal quotation marks and citations omitted].